UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEMUEL MITZS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:13-cv-01052-JMS-TAB |
| ) | |
| GERALD S. ZORE, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Dismissing Action and Directing Final Judgment**

The *pro se* plaintiff has paid the filing fee. The plaintiff's motion for the Court to assist with service of process [dkt. 2] has been considered.

The Court has an obligation to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) before directing service on the defendants. The Court shall dismiss a case any time it determines that the action is frivolous or fails to state a claim upon which relief may be granted. *Id.*

Plaintiff alleges that on or about September 16, 2011, his home was entered by adult protection police without his consent and his mother was "kidnapped," taken to an assisted living facility, and held for one year without probable cause. He further alleges that the defendants maliciously and without authority sold his mother's home and belongings and left her in poverty and homeless.[1] He also alleges that an "indictment" was hand down against him by Judge Zore in violation of the Treaty of Peace and Friendship of 1787 between Morocco and the United States. He seeks damages.

The complaint names twelve defendants: 1) Judge Gerald S. Zore; 2) Elizabeth White; 3) Mary J. Hoeller; 4) Christopher Smith; 5) Robert C. Thompson; 6) H. Kennard Bennett; 7) Mary

---

[1] To the extent plaintiff seeks to bring claims on behalf of his mother, as a non-attorney, he lacks standing to do so.

Ledford, Adult Protective Services; 8) Tami Vernon, B.S.W.; 9) Shirley Arnold; 10) Property Direct LLC; 11) Kelley Wright; and 12) Steve Tanner. The complaint refers to Mr. Mitzs as a "third party plaintiff in admiralty" and seeks a remedy in admiralty under 28 U.S.C. § 1333(1).[2] He brings this action as a Moorish American.

As noted, the plaintiff's complaint is based, in part, on the Treaty of Peace and Friendship of 1787 between Morocco and the United States. This claim, because it is frivolous, warrants no further discussion. *See Hamilton v. Schroeder,* 4:13-cv-822, 2013 WL 2642933 (E.D. Mo. June 12, 2013) (claim against state court judge based on Treaty of Peace and Friendship dismissed as legally frivolous); *Hall-El v. United States,* No. 1:11-cv-1037, 2013 WL 1346621 (M.D.N.C. April 3, 2013) ("claims which rely on international treaties or organizations and rights of Moorish nationals are clearly frivolous and do not state a claim"); *El-bey v. Zajeski,* No. 02-C-2996, 2003 WL 193526 (N.D. Ill. Jan. 29, 2003) (dismissed "unusual, non-federal" claim based on Treaty of Peace and Friendship between Morocco and United States as frivolous).

The complaint also fails to state a claim upon which relief can be granted and is frivolous. The complaint fails to state a plausible claim for relief against any of the defendants. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 566 (2007)).

In addition, the plaintiff's claim is based entirely on his dissatisfaction with a state court determination. Generally speaking, the Court lacks the authority "to control or interfere with state court litigation." *In Re Campbell,* 264 F.3d 730, 731 (7th Cir. 2001). More specifically, the

---

[2] The plaintiff's attempt to invoke jurisdiction pursuant to §1333 is meritless because his claims lack any connection with maritime activity.

*Rooker–Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments ... no matter how erroneous or unconstitutional the state court judgment may be." *Kelley v. Med–1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir.2008) (internal quotation omitted). If the plaintiff seeks review of a state court judgment his remedy lies in the state court appellate process, and then to the United States Supreme Court. *Id.* The *Rooker-Feldman* doctrine is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (internal quotation omitted). Plaintiff's complaint is that type of case and is therefore barred by the *Rooker-Feldman* doctrine. This Court lacks jurisdiction over the plaintiff's claims.[3]

For the above reasons, the action must be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2) for lack of jurisdiction and failure to state a claim upon which relief can be granted.

The plaintiff's motion to assist him in service of process [dkt. 2] is **denied** because no viable claim is alleged.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/15/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[3] In addition, plaintiff challenges "the jurisdiction of Judge Zore." Any claim against Judge Zore in his official capacity is barred by Indiana's Eleventh Amendment immunity, *see Woods v. City of Michigan City,* 940 F.2d 275, 279 (7th Cir. 1991)("Indiana law reveals that judges of Indiana's circuit, superior and county courts are judicial officers of the State judicial system. . . ."), and any claim against the judge in his individual capacity is barred by his judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Distribution:

Lemuel Mitzs
6199 Maple Glen Drive
Indianapolis, IN 46250